# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00323-CR

**Josue Soto Vargas, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. 669715, HONORABLE JACK R. MILLER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a bench trial, appellant Josue Soto Vargas was convicted of assault with family violence, sentenced to one year in jail and a $4000 fine, and placed on community supervision. In his only point of error, appellant contends the trial court erred by admitting hearsay testimony. Finding no error, we affirm the conviction.

Austin police officer Gerald Wines testified that he was dispatched to a gas station on Cameron Road in response to a domestic violence call. Arriving about ten minutes after receiving the dispatch, Wines met the complainant, Regina Hinojosa, who "seemed to be upset." She was "crying, her face was red and distressed." Based on her gestures, Wines sensed that Hinojosa was "trying to convey a message to me that she had been in some kind of incident that caused her stress," but Wines did not understand her because she was speaking Spanish. Wines called for Spanish-speaking assistance.

Officer Frank Castillo, who speaks Spanish, arrived at the gas station about ten minutes after receiving the call for assistance. Melissa Rivas, a victim services counselor for the police department and also a Spanish-speaker, arrived soon after Castillo. Castillo testified that he did not remember whether Hinojosa was crying when he met her. Rivas testified that Hinojosa "was very respectful and calm when we first arrived," but that "she began to show more emotion depending on what she was saying." According to Rivas, Hinojosa "was tearful at times" and "we had to stop at times where she would have to compose herself." Rivas said that based on her training and six years of experience, Hinojosa's demeanor was "appropriate to what she was verbalizing to me at the time."

Both Castillo and Rivas testified, over appellant's hearsay objection, that Hinojosa said that she had been assaulted by appellant, who she described as her boyfriend, in the apartment they shared. She told them that appellant had kicked her on the buttocks, causing her to fall, and had then grabbed her breast and twisted it. Hinojosa said that she was able to run out of the apartment with two of her children, leaving her other two children behind with appellant.

The trial court admitted this testimony pursuant to the excited utterance exception. Tex. R. Evid. 803(2). We review the trial court's decision to admit the testimony for an abuse of discretion. *Apolinar v. State*, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005).

An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Rule 803(2). To determine whether a statement is an excited utterance, the trial court may consider the length of time between the occurrence and the statement, the nature of the declarant, whether the

2

statement was made in response to a question, and whether the statement was self-serving. *Apolinar*, 155 S.W.3d at 187. The critical determination is whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event. *Salazar v. State*, 38 S.W.3d 141, 154 (Tex. Crim. App. 2001).

*Time lapse.* Appellant correctly points out that there is no evidence as to when the assault took place, and thus there is no way of knowing how much time elapsed between the assault and Hinojosa's call for assistance. But the trial court could reasonably infer that Hinojosa, having left two of her children behind, went directly to the gas station to telephone for help. In any case, it is not dispositive that there was a lapse of time between the event and the statement. *Id*. In *Salazar*, for example, the court found no abuse of discretion in admitting a hearsay statement as an excited utterance even though, as in the instant cause, there was no evidence as to when the victim sustained the injury attributed to the defendant. *Id*.

*Declarant's nature.* Appellant argues that none of the witnesses had met Hinojosa before the day in question and there is no evidence that her behavior was out of the ordinary. But the court could reasonably assume that Hinojosa was not typically red-faced, crying, and distressed. The court also heard Rivas's testimony that, in her opinion, Hinojosa's demeanor was "appropriate" for a woman who had been assaulted.

*Questioning.* The officers acknowledged asking Hinojosa what had happened and why she had called the police. Such general questions did not suggest an answer, and there is no indication that Hinojosa's responses were not spontaneous. *See Apolinar*, 155 S.W.3d at 190. Once

3

again, it is not dispositive that the declarant spoke in response to a question. *Salazar*, 38 S.W.3d at 154.

*Self-serving.* Appellant argues that in "a volatile domestic relationship . . . emotions run high and . . . pointing blame can easily lead to self-serving statements." This argument is entirely speculative. Appellant cites no evidence that Hinojosa had any selfish reason to accuse appellant of assaulting her, and we will not assume such a motivation on a silent record.

Considering the record as a whole, we conclude that the trial court could reasonably find that Hinojosa's statements related to a startling event, namely an assault against her by appellant, and that she made her statements to the police while under the physical and emotional stress of excitement caused by the assault. Finding no abuse of discretion in the admission of the challenged hearsay, we overrule the point of error.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: August 11, 2006

Do Not Publish

4